**STATE, Plaintiff-Appellee, v. JONES, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3930. Decided October 23, 1946.

554

Ralph J. Bartlett, Prosecuting Attorney, T. Vincent Martin, Assistant Prosecuting Attorney, Edmund B. Paxton, Assistant Prosecuting Attorney, Columbus, for Plaintiff-Appellee.

John A. Connor, Columbus, Forrest. F. Smith, Columbus, for Defendant-Appellant.

SHERICK, PJ, MONTGOMERY and PUTNAM, JJ, of the Fifth District, sitting by designation.

## OPINION

By PUTNAM, J.

Lloyd L. Jones, a doctor, was indicted by the Franklin County Grand Jury on charges of abortion. The indictment contained six counts. No two counts involved the same woman, nor were any of the several women involved in the several counts in any way related. The counts were separated in point of time about fourteen months. After a motion for separate trials on the various counts was overruled, trial was had to a jury and defendant was convicted on all six counts. He was thereupon sentenced according to law.

This law appeal is brought to reverse that conviction. There are seven (7) grounds of error alleged. The first five have to do with the charge of the Court to the jury, and all are encompassed within the following language of the Court as found on pages 395 and 396 of the Bill of Exceptions: The parentheses used and the numbers following are inserted by the writer to identify the exact language of the charge with the error alleged.

("Instrument, as has been used in the statute, does not mean a physician's or surgeon's tool or instrument. It does not have to be metal. It can be of any consistency so long as it is an instrument that would accomplish or bring about the results intended or desired, an implement or tool of any character.

IV.

("There has been adduced here evidence—I have forgotten the exhibit—referred to as a catheter. That is an instrument within the meaning of the statute, if all of the other elements were present, and it was used with the intent and purpose at the time it was used, if it was so used, and the results obtained.

("I have given to you the essential and constituent elements of the offense, which I have said to you it is incumbent upon the State to establish by that degree of proof heretofore indicated, before you can return a verdict of or find the defendant guilty of the particular or respective count under consideration; also the material facts incumbent upon the State to establish.

("Now, members of the jury, it is a rule of law that one who aids, abets, procures, conspires or participates with another in the commission of an offense against the law, is an accomplice.

("If the defendant herein is found guilty of the count under consideration, and the offense therein alleged, the woman involved in such count is, in the eyes of the law, an accomplice. The Court, with reference to the testimony of an accomplice, instructs you that their testimony should be approached with great care and caution. It is unwise and unsafe to convict upon the uncorroborated testimony of an accomplice.

III.

("You will look, therefore, to see if there are corroborating circumstances or facts. It may be by direct or positive testimony, or it may be corroborated, such testimony may be, by facts and circumstances in evidence before you. It may be corroborated by inferences or deductions, reasonable and logical inferences and deductions, drawn from established facts in evidence that in your opinion are warranted or justified or merited. The Court cannot say to you what is corroborative. That is for your ascertainment and determination.

II.

("I, in this connection, also instruct you that each count stands upon its own bottom and the corroborating circumstances or the corroboration must come from the facts and circumstances in evidence with relation to the consideration of that particular count.

I.

("The finding of the defendant guilty of a particular count under consideration is not evidence, members of the jury, that

he is guilty of any other count set forth in the indictment yet to be considered by you.

("However, I do instruct you that if the defendant is found guilty by you upon a particular count, you may use that as reflecting, if you believe it does reflect, upon the question of intent.")

Assigned Error No. I.

The Court erred in refusing to instruct the jury as requested by the defendant before argument in the six special requests submitted and again requested at the conclusion of the general instructions of the Court to the Jury.

These six requests were all the same, except as the language was modified to make each applicable to its particular count in the indictment.

In the first place it is to be noted that there is no duty by the Court in a criminal case to give a special request before argument as there is in a civil case. Second, that while a request was made again after the finish of the Court's charge, to give these special requests, it was not a request to give any particular portion or paragraph thereof but to give them as a whole. This was again denied.

Third. Appellant upon being inquired of by the Court if he had any further suggestions as to errors of omission or commission by the Court in its charge, made none. The argument of appellant is that admitting all of the above, the special requests correctly stated the law and the Court's charge did not. Consequently, it was error to refuse to give them. It is also urged that it was necessary to give them because of the fact that six cases were being tried together and to stress the necessity to the jury of each case standing on its own bottom. As to the latter, a careful reading of the entire charge, including the portion above quoted, demonstrates to our satisfaction that the Court fully covered this phase of the case. The other matters will be considered in dealing with the other assigned errors as to the charge.

Assigned Error No. II.

The second alleged error is that the Court did not correctly instruct the jury on the subject of corroboration.

Appellant insists that what must be corroborated in the testimony of the alleged accomplice is the actual act of committing the abortive operation, that is the inserting by the defendant of the instrument into the uterus. Appellant contends that a proper charge on this subject in this case would be one based upon the principle announced in the case of **Wertenberger v State, 99 Oh St 353.** He incorporated elements of such a charge in his special requests.

We do not agree with this contention. The Wertenberger case was a prosecution of a teacher for having had sexual intercourse with a female pupil under former §13671 GC. Under this section, by the provisions thereof, the requirements as to corroboration are higher than in the instant case. The pronouncements therein have no application here. In discussing the subject of corroboration in cases requiring the same degree of proof as in the instant case, the strongest language the courts have used is other evidence material to the issue." It is true the word "material" does not appear in the court's charge.

In the case of **State v Maranda, 94 Oh St at page 372** the Court states,

" * * * It has become the settled practice of our courts to advise juries not to convict upon the uncorroborated evidence of an accomplice, but no court will undertake to define with precision and exactness how much corroboration shall be necessary, or how many elements of the offense charged the corroborating evidence shall tend to prove. It is enough if it tends to prove some material element of the offense. It would be an insuperable handicap to the state if the court were to charge that the corroborating evidence must prove guilt beyond a reasonable doubt, beyond a probability, or even establish a prima facie case. It is enough if under all the evidence, when considered and weighed by the jury, every essential element of the offense has been proven against the defendant beyond a reasonable doubt."

In this same case Judge Wanamaker quotes from the case of State of Ohio v Leuth, 5 Ohio Circuit Court, 94, which he designates as a leading Ohio case in which it is stated,

"This confession before the coroner was not a judicial confession, and it was necessary that there should be other proof of the corpus delicti; but it is not necessary that the agency of the accused should be proved by other evidence which alone would prove the guilt of the accused beyond a reasonable doubt." .

Thus it becomes readily apparent that "other evidence material to the issue" does not necessarily include the criminal agency of the defendant as claimed by the appellant.

However, in addition, in view of the fact that in Ohio a jury may convict upon the uncorroborated evidence of an accomplice, and that the defendant was in fact convicted, we cannot see that the omission of this word was prejudicial. The Court did instruct that it was unwise and unsafe to convict upon the uncorroborated evidence of an accomplice. See also State v Lehr, 97 Oh St 290, and State v Reichert, 111 Oh St 698.

Assigned Error No. III.

The third assignment of error is that the instructions given on the subject of the consideration the jury should give to the testimony of an accomplice, was erroneous. This refers to the sentence in the charge above indicated, viz.,

"If the defendant herein is found guilty of the crime under consideration, and the offense therein alleged, the woman involved in such a count is, in the eyes of the law, an accomplice."

The special requests of the defendant, in the second paragraph thereof, the following language appears,

"As to the first count of the indictment in the case the witness, Jacquelin Harris, has testified that she solicited and procured the defendant to commit an abortion upon her, she is therefore, an accomplice."

Appellant insists that the charge as given is wrong and prejudicial to him, but that the charge as requested was right. The charge as given requires the defendant to be found guilty before the witness is in the eyes of the law an accomplice. By what evidence? Must this be by other evidence? If not, how is the jury to proceed? Can they use the testimony of the witness at its face value, if they so desire, together with other testimony, to find the accused guilty and then go back to the beginning of their deliberation and reconsider and apply a different rule and perhaps say he was not guilty?

In the charge as requested how is the jury to proceed? To follow it literally they must assume or presuppose the guilt of the accused before they can find the witness to be an accomplice. However, this violates the rule of presumption of innocence and also the rule that there can be no accomplice without a guilty principal.

This presents what seems to be a logical dilemma. This reminds us of a celebrated trial in the Court of Areopagus in Ancient Athens concerning the contingent fee of one Protagoras, a teacher of oratory, with his pupil Evalthus. The contract was made that the fee was to be payable when Evalthus won his first case. After a while the teacher pronounced the pupil proficient and the lessons ceased. The pupil claimed he was not finished. The teacher sued. While awaiting trial he boasted to his friends that he was bound to win. He said, "If the judgment is for me, he must pay; but if it is for him he has won his first law suit and under the contract he must therefore pay." However, the pupil said to his friends, "I win either way, for if the judgment is for me, I am not liable, and if the judgment is against me, I have not yet won my first suit." It is said the judges were so puzzled by these arguments that they adjourned the case for one hundred years.

Such a solution however is not necessary in this case as Judge Marshall has provided the solution in the case of **Curtis v State, 113 Oh St 187.** The ultimate question is, just who would be prejudiced by which charge, if any prejudice resulted? In that case in the lower court the defendant had requested a charge (No. 7) similar to the one requested by the defendant in this case. In upholding the lower court's refusal to give it, the Court said at page 209:

"Request No. 8 was in all respects similar to No. 7, except that it included Turner, Goldfuss, Haas, Saunier, Lochary, Chinas and Economopolous. There are two reasons why these requests were properly excluded. Whether or not these witnesses were accomplices was a question to be submitted to the jury, and that question was properly submitted to the jury as a part of the general charge under a proper definition of the word 'accomplice'. The jury was also to be the judge of the belief to be attached to their testimony. To single out one witness, or a number of witnesses, for either the prosecution or the defense and to discuss their credibility, would be manifestly invading the province of the jury. We are further of the opinion that, if the state had made this request, and it had been granted, or if the court had given this charge without a request on the part of the defendant, it would have been error. Manifestly those parties could not be assumed to be accomplices of the defendant without assuming the guilt of the defendant. There could be no accomplices unless there was a conspiracy, and there could be no conspiracy unless there was a plan in which the defendant had participated."

According to this reasoning the requested charge was prejudicial to the defendant because it required the jury to presuppose the guilt of the defendant. Conversely, if these charges are antagonistic, the charge as given would be prejudicial to the State not to the defendant.

What should be done? Certainly any attetmpt on the part of the Court by detailed instruction to control the mental gymnastics of the jury would be vain. It is much like the situation existing in the old charges on "reasonable doubt" before the definition by statute. Then pages were devoted to this definition. The prolixity of words only added to the confusion of ideas. The safest rule is as stated by ·Judge Marshall; define an accomplice and add the usual caution as to how their testimony is to be received. The charge on this point as given, while not approved, is not prejudicial to the defendant.

Assigned Error No. IV.

The fourth error assigned is that the Court erred in instructing the jury that a catheter was an "instrument" within the meaning of §12412 GC.

This contention is based upon the argument that there is no evidence in the record to show that a catheter or rubber hose are instruments efficient to the production of a miscarriage. There is no merit in this contention. The record shows that each of these women miscarried and that either a catheter or rubber hose was used on them. Certainly that is evidence as to its adaptability to that use. The charge was justified.

Assigned Error No. V.

The fifth error assigned is that the instruction of the Court that a finding of guilty on any one count of the indictment could be considered by the jury as reflecting upon intent in its consideration of any other counts of the indictment.

The exact language used is set forth supra. Certainly "intent" is one of the elements of the crimes charged. Sec. 13444-19 GC provides that like acts may be proved, whether they are contemporaneous with or prior or subsequent thereto, for the purpose of showing intent. They need not be proven beyond a reasonable doubt. Scott v State, 107 Oh St 475.

Yet in this case the Court went beyond the requirement and limited its use to counts upon which a verdict of guilty had been arrived. The consideration was specifically limited to the question of intent.

All this is obvious and the law well settled. However, the argument is made that the subject of abortion in one count, after a finding of guilty is arrived at, is an accomplice as to the act of abortion in another count and the Court should have so charged. There is no evidence that any of the sub-

jects of abortion in one count had anything to do with the act of abortion in any other count. They could not have been accomplices. A charge that they were to be so considered would have been improper.

We have studied this entire record, and it is a complete one. We are convinced that the defendant had a fair trial; that the evidence shows him guilty beyond a reasonable doubt; there is sufficient corroboration on each count to meet any requirements of the law; the verdict is not manifestly against the weight of the evidence nor did the Court abuse its discretion in refusing separate trials on each count. Substantial justice has been done. Let the judgment be affirmed. It is so ordered.

SHERICK, PJ, and MONTGOMERY, J, concur.